UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRYSTAL BANKS-WILLIAMS and
DOUGLAS WILLIAMS

        Plaintiffs,                  Case No. 2:16-cv-10052

vs.                               Hon. Nancy G. Edmunds

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY,

        Defendant.

                                                    /

| ALLEN J. COUNARD, P.C. | PATRICK, JOHNSON & MOTT, P.C. |
|---|---|
| By:  Allen J. Counard (P12268) | By:  Shelly Lee Griffin (P49488) |
|       Victor L. Bowman (P33764) |       Paul H. Johnson, Jr. (P26871) |
|       Lillian C. Trikes (P52815) |       Attorneys for Defendant |
| 2320 West Jefferson Avenue | 27777 Franklin Road, Ste. 1400 |
| Trenton, MI 48183 | Southfield, MI 48034 |
| (734)692-0033 (telephone) | email: sgriffin@pjmpc.com |
| email: Lillian@counardlaw.com | |

                                                      /

## PLAINTIFFS' MOTION IN LIMINE
## TO EXCLUDE ANY MENTION OR ADMISSION OF
## PLAINTIFFS' TAX RETURNS

For the reasons set forth in the attached Brief, Plaintiffs, Krystal banks-Williams and Douglas Williams, through their attorneys, Allen J. Counard, P.C., moves this Court for the following relief:

1.  An order precluding Defendant from introducing any evidence pertaining to Plaintiffs' tax forms.

WHEREFORE Plaintiff respectfully requests that this Court preclude
Defendant from introducing evidence as prayed for above.

/s/ *Lillian C. Trikes*
Allen J. Counard, P.C.
Attorneys for Plaintiffs
2320 West Jefferson Avenue
Trenton, MI 48183
(734) 692-0033
Lillian@counardlaw.com
P52815

Dated: May 23, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRYSTAL BANKS-WILLIAMS and
DOUGLAS WILLIAMS

Plaintiffs,                          Case No. 2:16-cv-10052

vs.                                  Hon. Nancy G. Edmunds

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY,

Defendant.

_____/

ALLEN J. COUNARD, P.C.              PATRICK, JOHNSON & MOTT, P.C.
By:   Allen J. Counard (P12268)     By:   Shelly Lee Griffin (P49488)
      Victor L. Bowman (P33764)           Paul H. Johnson, Jr. (P26871)
      Lillian C. Trikes (P52815)          Attorneys for Defendant
2320 West Jefferson Avenue          27777 Franklin Road, Ste. 1400
Trenton, MI 48183                   Southfield, MI 48034
(734)692-0033 (telephone)           email: sgriffin@pjmpc.com
email: Lillian@counardlaw.com

_____/

PLAINTIFFS' BRIEF IN SUPPORT OF ITS MOTION IN LIMINE
TO EXCLUDE ANY MENTION OR ADMISSION OF
PLAINTIFFS' TAX RETURNS

## <u>TABLE OF CONTENTS</u>

Statement of Issue Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

Index of Most Controlling Authority . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ....iii

Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Law and Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

## STATEMENT OF ISSUE PRESENTED

I.  Is General Evidence/Reference to the Plaintiffs' tax forms relevant to this Action?

II.  Is General Evidence/Reference to the Plaintiffs' tax forms too prejudicial to this Action?

## INDEX OF MOST CONTROLLING AUTHORITY

Fed R Evid 401, 403...............................................................1

**Background:**

Defense counsel has delved into Plaintiff's tax returns at EUO and/or deposition and/or Request to Produce.  Any reference to Plaintiff's tax returns has no probative value and is more prejudicial than probative.

**Law and Argument:**

Any reference by Defendant to tax returns is done only to try and prejudice Plaintiff in front of the jury and confuse the issues of this case.  FRE 401 defines what is relevant evidence and FRE 403 allows even relevant evidence to be excluded if more prejudicial than probative.  This is not a tax case.  Also, Plaintiffs have an expectancy of privacy relative to their tax returns.  And, Plaintiffs' income or tax returns were not an issue relative to the Application for Insurance or Defendant issuing Plaintiffs a homeowner's policy.

That there was a valid and effective policy issued by the Defendant to the Plaintiff insuring Plaintiff's home against loss caused by fire, and that premiums were paid, are not at issue.  There is no direct or circumstantial evidence that Plaintiff caused or procured this fire.

Plaintiff Krystal Banks-Williams runs a bail bonding company.  The previous homeowner, Kenneth Hicks, signed the deed to this home over to the Plaintiff's company as collateral for a $100,000.00 surety bond for his son, who was facing multiple felony charges in the 52-1 district court in Novi, Michigan.

1

After Mr. Hick's son failed to appear in court, the 52-1 district court forfeited the bond, and Mr. Hicks became liable to Plaintiff for the full amount of the bond[1]. After Mr. Hicks stopped paying, Plaintiff exercised her right to enforce the collateral and take possession of the home.  Eviction proceedings ensued, which were prolongated by Mr. Hicks, who insisted that his wife be separately evicted. The fire ensured before Plaintiff even had an opportunity to change the locks.  Mr. Hick's son, Lionell Hicks, is still "on the lamb," and Plaintiff's bail bonding company has been diligently searching for him across the Nation.

There is no probative value relative to Plaintiffs' tax returns.  Even if it is somehow deemed relevant, these tax returns should be excluded pursuant to FRE 403 as more prejudicial than probative.  Tax returns are the product of compulsion by the respective federal and state governments, and are governed by complex and intricate rules, regulations, and accounting methods.   These tax returns were prepared by an accountant, and any questioning into the specifics of the tax returns necessarily involves an inquiry into privileged matters. Further, questioning by defense counsel reveals the pitfalls and prejudices that befall those unfamiliar with the subject matter of taxation.  For example, defense counsel queried the Plaintiff about whether she, as a single-member limited liability company, pays herself a

---

[1] A 10% fee is owed the bonding company for their service – this is the  premium, and it is not returned.  It is not applied towards any part of the $100,000.00 bond owed to the court when a criminal defendant skips.  The bail contract that is signed makes this clear.

salary.  This simple question reveals the prejudices and confusion that can result if the perplexing worlds of taxation methods and corporate formation are allowed to be discussed:  For such disregarded entities, all net profit (if any) of the business will flow through to the owner as taxable income.  Similar pitfalls and prejudices arise when such matters as net operating losses, which can be carried forward and backward, are discussed.  Further, especially in the world of bail bonds, bonds may be forfeited by the court and considered a loss in one year, yet, when the criminal defendant is found and placed back in custody, the bonding company is re-paid the bond by the court.  This complex and intricate network of the rules and methods of taxation, bonds, and net operating losses is beyond the ken of most jurors, not to mention insurance counsel.  The tax returns, even if considered relevant, are unfairly prejudicial.

WHEREFORE Plaintiff respectfully requests that this Court preclude Defendant from introducing evidence as prayed for above.

> /s/ Lillian C. Trikes
> Allen J. Counard, P.C.
> Attorneys for Plaintiffs
> 2320 West Jefferson Avenue
> Trenton, MI 48183
> (734) 692-0033
> Lillian@counardlaw.com
> P52815

Dated:  May 23, 2017

3

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 5/23/17 my legal assistant, Cara D. Counard electronically filed the foregoing document(s) with the Clerk of the Court using the ECF system and asked that it send notification of such filing to: Shelly Lee Griffin, Esq. and Paul H. Johnson, Jr., Esq., Patrick, Johnson & Mott, P.C., 27777 Franklin Rd., Ste. 1400, Southfield, MI  48034.

<div style="margin-left:40%">

/s/ <i>Lillian C. Trikes</i>
Allen J. Counard (P12268)
Victor L. Bowman (33764)
Lillian C. Trikes (P52815)
Attorneys for Plaintiff
Allen J. Counard, P.C.
2320 West Jefferson Avenue
Trenton, MI  48183-2706
(734)692-0033
lillian@counardlaw.com

</div>